PER CURIAM.
*326 After consideration of this matter on rehearing, the court maintains its original June 3, 2016 opinion, which affirmed the district court's September 9, 2013 judgment granting in part the Washington Parish Sheriff's motion for summary judgment, declaring that AmerisourceBergen Drug Corporation is not entitled to a sales tax exclusion under LSA-R.S. 47:301(10)(u), a sales tax exemption under LSA-R.S. 47:337.9(F), or a sales tax refund under LSA-R.S. 47:315.3 for the drug purchases at issue herein, and dismissing AmerisourceBergen Drug Corporation's reconventional demand with prejudice.
Calloway, J. dissent with reasons
Chutz J. concurs with reasons by JEW
Holdridge J. dissents for the reasons assigned by Judge Calloway
CHUTZ, J., concurs in the denial of the rehearing and assigns reasons.
I disagree with the plurality to the extent it holds that the purchases by AmerisourceBergen Drug Corporation (ABC) of certain prescription drugs for administration to Medicare patients at its kidney dialysis facility did not involve "sales made under the provisions of Medicare" within the meaning of the local sales tax exclusion pursuant to La. R.S. 47:301(10)(u) ; and that ABC's purchases of certain prescription drugs for those Medicare patients was not "through or pursuant to a Medicare Part B and D plan" as required to qualify for the local sales tax exemption under La. R.S. 47:337.9(F). Although La. R.S. 47:301(10)(u) clearly and unambiguously excludes from local taxation the sales of tangible property made "under the provisions of Medicare"; and La. R.S. 47:337.9(F) clearly exempts prescription drugs "purchased through or pursuant to a Medicare Part B or D plan," because this record is devoid of evidence from which the actual amount of tangible property excluded and/or exempted from local sales tax may be calculated, I concur in the result that affirms the trial court's judgment which concludes ABC is not entitled to relief.
In support of his motion for summary judgment, the Sheriff offered evidence which showed ABC does not separately store or segregate the drugs it administers to Medicare patients from those that it administers to non-Medicare patients. In response to this showing, ABC suggested the value of its refund claim is determinable by dividing the number of dialysis treatments rendered to Medicare patients by the total number of dialysis treatments *327 rendered at the kidney dialysisfacility and then requested a refund of taxes on the sales of prescription drugs in the same percentage. But this calculation was not supported by the evidence in the record which showed that patients are not administered the same medicines in the same doses. ABC's offered estimate, therefore, was insufficient to create a genuine issue of material fact.
The Sheriff established that ABC was unable to produce evidence from which to calculate the value of sales excluded from local taxation under La. R.S. 47:301(10)(u) ; or the actual amount of prescription drugs it purchased "through or pursuant to a Medicare Part B or D plan" so as to permit an exemption from payment of local sales taxation pursuant to La. R.S. 47:337.9(F). Accordingly, in light of the evidence presented in support of summary judgment, the trial court correctly granted declaratory relief in favor of the Sheriff and dismissed ABC's reconventional demand.